# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN DONALD SUMMERVILLE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 13-902 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | Magistrate Judge Lisa Pupo Lenihan |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

### I. MEMORANDUM

For the reasons that follow, Plaintiff's Motion for Summary Judgment (Doc. 17) will be denied, and Defendant's Motion for Summary Judgment (Doc. 20) will be granted. Furthermore, the Report and Recommendation filed on September 9, 2014 (Doc. 23) will be adopted as the opinion of the District Court, as supplemented herein.

Plaintiff John Donald Summerville ("Summerville") protectively applied for supplemental security income ("SSI") benefits on February 22, 2010, alleging the existence of a statutory disability beginning on December 4, 2006. R. at 18, 164. Administrative Law Judge Joanna Papazekos ultimately denied the application in a decision rendered on October 26, 2011. R. at 18-32. Summerville responded to that decision by filing a request for review with the Appeals Council. On December 20, 2011, he reapplied for SSI benefits. Doc. 18 at 24. The Appeals Council denied Summerville's request for review on April 26, 2013, thereby making Judge Papazekos's decision the "final decision" of the Commissioner of Social Security ("Commissioner") in this case. R. at 1. In a decision dated November 18, 2013, Administrative

Law Judge John Kooser determined that Summerville had been "disabled" since December 20, 2011. Doc. 18 at 21-31. Judge Kooser specifically declined to reopen the earlier decision issued by Judge Papazekos. *Id.* at 24. Summerville challenges Judge Papazekos's decision in this action.

Along with his initial brief, Summerville presented the Court with a copy of Judge Kooser's decision. Doc. 18 at 21-31. In her Report and Recommendation, Chief Magistrate Judge Lisa Pupo Lenihan recommended that Judge Papazekos's decision be affirmed. Doc. 23 at 16. Although Summerville requested a remand under the sixth sentence of 42 U.S.C. § 405(g) based on Judge Kooser's decision, Judge Lenihan concluded that the decision itself did not constitute "evidence" justifying such a remand. *Id.* at 15-16. Summerville filed written objections to the Report and Recommendation on September 26, 2014. Doc. 24. In support of his objections, Summerville submitted some of the documentary evidence underpinning Judge Kooser's favorable decision. Doc. Nos. 24-1 & 25.

For the reasons discussed in the Report and Recommendation, Judge Papazekos's decision denying Summerville's earlier application for SSI benefits is supported by substantial evidence. Doc. 23 at 8-14. The Court need not repeat those reasons. The only remaining question is whether Summerville is entitled to a sentence-six remand based on the documentary evidence submitted after the filing of the Report and Recommendation.[1]

Evidence is not "new" within the meaning of sentence six if it is "merely cumulative of what is already in the record." *Szubak v. Secretary of Health & Human Services*, 745 F.2d 831, 833 (3d Cir. 1984). The documentary evidence presented by Summerville in support of his

---

[1] The Commissioner has not responded to Summerville's objections. Therefore, the Court expresses no opinion as to whether it is permissible for an unsuccessful claimant such as Summerville to present additional evidence *after* the filing of an adverse report and recommendation.

request for a remand includes treatment notes prepared by his treating psychiatrists between March 12, 2007, and February 4, 2011. Doc. 25 at 10-30. Those treatment notes were before Judge Papazekos at the time of her decision. R. at 304, 307-322, 409-413, 416-421. A remand under sentence six cannot be premised on evidence that has already been considered in connection with the administrative decision under review. *Melkonyan v. Sullivan*, 501 U.S. 89, 98, 111 S. Ct. 2157, 115 L.Ed.2d 78 (1991) (explaining that a sentence-six remand may occur if "new evidence has come to light that was not available to the claimant at the time of the administrative proceeding," and that such a remand does not relate to "the correctness of the administrative determination").

"An implicit materiality requirement is that the new evidence relate to the time period for which benefits were denied, and that it not concern evidence of a later-acquired disability or of the subsequent deterioration of the previously non-disabling condition." *Szubak*, 745 F.2d at 833. Dr. Grace McGorrian, Summerville's treating psychiatrist, described disabling functional limitations in assessments completed on July 24, 2012, and June 21, 2013. Doc. 24-1 at 8-29. Those assessments were obviously completed long after Judge Papazekos's decision. Evidence postdating the relevant period of time may nevertheless shed light on a claimant's condition during that period. *Reilly v. Office of Personnel Management*, 571 F.3d 1372, 1380-1383 (Fed. Cir. 2009); *Pollard v. Halter*, 377 F.3d 183, 193-194 (2d Cir. 2004). Dr. McGorrian expressed disagreement with the earlier decisions denying Summerville's applications for benefits. Doc. 24-1 at 6-7. Therefore, the assessments presently before the Court most likely reflected Dr. McGorrian's views about Summerville's condition during the period of time relevant to this case. Since Summerville later procured an award of SSI benefits on the basis of

that evidence, the Court assumes *arguendo* that he can satisfy sentence six's "materiality" requirement.

In order to obtain a remand for the purpose of facilitating the consideration of "new and material" evidence, Summerville must demonstrate that he had "good cause" for failing to present that evidence to Judge Papazekos. *Matthews v. Apfel*, 239 F.3d 589, 592-593 (3d Cir. 2001). Attempting to make that showing, Summerville asserts that "almost all of the medical records" supporting Judge Kooser's favorable decision did not become "available" until after the rendering of Judge Papazekos's unfavorable decision. Doc. 24 at 12-14. The mere fact that the relevant documents were not previously in Summerville's possession, however, does not compel the conclusion that he had "good cause" for failing to present them. Summerville must explain why he "did not attempt to obtain" those documents at a time when they could have been properly considered. *Chandler v. Commissioner of Social Security*, 667 F.3d 356, 360 (3d Cir. 2011); *Matthews*, 239 F.3d at 595. He makes no attempt to do so. Doc. 24 at 11-15. In a letter dated April 13, 2012, Dr. McGorrian stated that she had been treating Summerville since 2004. Doc. 24-1 at 6. As the patient receiving treatment from Dr. McGorrian, Summerville was in the best position to procure her assessment of his work-related abilities and limitations. *Bowen v. Yuckert*, 482 U.S. 137, 146, n. 5, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987). The Court cannot order a remand to facilitate the consideration of "each item of new and material evidence," since such a practice "would open the door for claimants to withhold evidence from the [Commissioner] in order to preserve a reason for remand." *Matthews*, 239 F.3d at 595. Because Summerville cannot satisfy the "good cause" requirement of sentence six, he is not entitled to a remand.

Consistent with the foregoing, and after a *de novo* review of the pleadings and documents in the case, together with the Report and Recommendation and the Objections thereto, the following Order is entered:

## II. <u>ORDER</u>

Plaintiff's Motion for Summary Judgment (**Doc. 17**) is **DENIED**, Defendant's Motion for Summary Judgment (**Doc. 20**) is **GRANTED**, and the decision of the Commissioner of Social Security is **AFFIRMED**. The Report and Recommendation dated September 9, 2014 (Doc. 23) is adopted as the Opinion of the District Court, as supplemented herein.


October 31, 2014						s\Cathy Bissoon
							Cathy Bissoon
							United States District Judge

cc (via ECF email notification):

All Counsel of Record